**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TERRELL D. JOHNSON, | No. 16-55654 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-07296-BRO-JPR |
| v. | |
| LOS ANGELES POLICE DEPARTMENT, official capacity; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Submitted July 11, 2017[**]

Before:      CANBY, KOZINSKI, and HAWKINS, Circuit Judges.

Terrell D. Johnson, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal

and state law claims in connection with his arrest and conviction. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hamilton v. Brown*, 630

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 889, 892 (9th Cir. 2011) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under § 1915(e)(2)(B)(ii)). We affirm.

The district court properly dismissed Johnson's action because success on Johnson's claims would necessarily imply the invalidity of his conviction, and Johnson failed to show that his conviction had been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated"). Because the district court did not specify whether the dismissal of Johnson's action was with or without prejudice, we treat the dismissal as being without prejudice. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (dismissals under *Heck* are without prejudice).

The district court did not abuse its discretion in dismissing Johnson's amended complaint without leave to amend because Johnson was provided with one opportunity to amend and further amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile); *see also Chodos v. West Publ'g Co.*,

16-55654

*Inc.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying Johnson's Federal Rule of Civil Procedure 59(e) motion for reconsideration because Johnson failed to demonstrate any basis for relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Rule 59(e)).

**AFFIRMED.**